# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JASON C. JORDAN,

       Plaintiff,

vs.                                                                  Civ. No. 01-351 JP/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's motion entitled "Opening Brief for Plaintiff" (Docket No. 14), filed January 9, 2001. The Commissioner of Social Security issued a final decision denying the Plaintiff his claim for supplemental security income benefits. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is well taken and will be GRANTED.

## PROPOSED FINDINGS

## I. PROCEDURAL RECORD

1. Plaintiff Jason C. Jordan, *pro se,* filed an application for supplemental security income benefits on January 30, 1998 alleging a disability since April 1, 1997 due to Scheuermann's Disease. Tr. 92-95, 103. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on September 30, 1999. Tr. 27. The ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1487 (10th Cir. 1993): the claimant has submitted previous applications that were denied; the claimant has

not engaged in any post onset substantial gainful activity; the claimant has a "severe" impairment or combination of impairments due to bulging disk at L4-5 and suspected bulges at L3-4 and L5-S1 and mild internal degeneration of all disks in between L3 and S1 segments; claimant's mental impairments include alcohol dependence, in remission, polysubstance dependence, in remission, and depressive disorder not otherwise specified; the severity of the claimant's impairments do not meet or equal a listed impairment; the claimant's testimony of subjective complaints and functional limitations, including debilitating pain, was not supported by the evidence as a whole to the disabling degree alleged and there, lacked credibility; the claimant has retained a residual functional capacity for a light exertional work range; and therefore are a significant number of jobs, according to the framework of the above rules, that the claimant can perform for a vocationally relevant period of time. Tr. 15-19.

2. The ALJ entered his decision on November 18, 1999. Thereafter, the Plaintiff filed a request for review. Tr. 65. On January 31, 2001, the Appeals Council issued its decision denying request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on March 29, 2001.

## II.  STANDARD OF REVIEW

3. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is

2

not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

4.  In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  Se 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. Sec. 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

5.  At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limits his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404,, Subpt. P, App. 1, or he is unable to perform work he had done in the past.  20 C.F.R. Secs. 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience.  Id.

### III. DISCUSSION

Medical Evidence.

6.  It is undisputed that Plaintiff suffers from Scheuermann's Disease.  This disease causes a narrowing of the lumbar discs.  Tr. 139.  The discs degenerate and cause herniations.  This is a "painful process."  Tr. 138, 158.  Further, it is undisputed that Plaintiff suffers from depression

secondary to Scheuermann's Disease. Tr. 158. Finally, Plaintiff has been diagnosed with alcohol and polysubstance dependence, in total remission. Tr. 182.

The ALJ's analysis of Plaintiff's subjective complaints of pain.

7. The ALJ failed to follow the case law for the Tenth Circuit regarding pain and its evaluation. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). It is difficult to discern any analysis in the ALJ's decision of Plaintiff's subjective complaints. SSR 96-7p requires the ALJ to consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.." An analysis of pain requires a three-part determination: 1) whether claimant has established, by objective medical evidence, a pain-producing impairment; 2) if so, whether there is a "loose nexus" between that impairment and claimant's subjective complaints of pain; and 3) if so, whether considering all the evidence, claimant's pain is disabling. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)(citing Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987). The Plaintiff showed through objective evidence the relationship his disease and the pain alleged. The X-rays noted in the record demonstrate that the Plaintiff had abnormalities which caused the Plaintiff to experience pain. In addition, Plaintiff's treating physician specifically stated that Plaintiff's disease was the cause of Plaintiff's pain. Tr. 139. The ALJ failed to do a proper analysis.

Mental Residual Functional Capacity and Application of the Grids.

8. The ALJ's finding that there are a significant number of jobs that Plaintiff can perform is not supported by the substantial evidence and is contrary to law. Tr. 19. The ALJ found at step two that the Plaintiff had severe mental impairments. Tr. 16. The ALJ continued on to step three

4

and found that Plaintiff's mental impairments do not meet Listings 12.04 and 12.09. Id. The ALJ determined that Plaintiff's " mental disorder [that] produces an inability to focus and concentrate to some extent." Thus, the ALJ wrote in his decision that he used the grids as a framework. Tr. 19. However, the ALJ's conclusion that "there are a significant number of jobs, according to the framework of the above rules, that the claimant can perform for a vocationally relevant period of time" is not supported by a vocational expert's testimony or any other source. There is no basis in the opinion for the ALJ's finding other than the grids. This is error.

<u>Medical Evidence and Opinions of Treating Physicians.</u>

9. The ALJ found "[p]articularly relevant...a medical report generated by Dr. R. Preator." Tr. 17. It appears that Dr. Preator treated the Plaintiff in 1993. The ALJ did not refer to, or it appears, did not consider the progress notes of Plaintiff's more recent treating physician, Dr. Joseph K. Ford. This is error. <u>Castellano v. Secretary of HHS</u>, 26 F.3d 1027, 1029 (10th Cir. 1994: Social Security Ruling 96-2 (The ALJ must give significant weight to a treating physician's opinion if the evidence supports it.); <u>Miller v. Chater</u>, 99 F.3d 972, 976 (10th Cir. 1996)(If the ALJ does not give significant weight to a treating physician's opinion, he must give specific reasons.) Further, Dr. Ford treated the Plaintiff in 1997 and 1998. These progress notes reflect Plaintiff's condition closer to the adjudicative period, January 1, 1998 through November 19, 1999.

<u>Physical Residual Functional Capacity</u>.

10. The record does not contain any residual functional capacity assessment by an examining physician. A state agency physician reviewed the medial records and completed the Physical Residual Functional Capacity Assessment form. Tr. 149-56, 157-64. The ALJ's adoption and reliance on this is misplaced. <u>Gatson v. Bowen</u>, 838 F.2d 442, 448 (10th Cir. 1988)(These types

of assessments are entitled to little weight and are often of "suspect reliability." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993("[I]t is almost impossible to assess the residual functional capacity of an individual" unless the physician personally examines the claimant."

## **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did not apply the correct legal standards and his decision is not supported by substantial evidence. The Plaintiff's motion "Opening Brief for Plaintiff," filed January 9, 2002, should be GRANTED. This case should be remanded to the Commissioner for proceedings consistent with these findings.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day

period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                            _____
                                            **Don J. Svet**
                                            **UNITED STATES MAGISTRATE JUDGE**